# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2296 | **DATE** | 3/30/2004 |
| **CASE TITLE** | Wallace vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby grants defendants' motion for summary judgment except for the federal denial of a fair trial claim. The Federal denial of a fair trial claim is denied without prejudice. Furthermore, the Court denies the defendant City of Chicago's motion to dismiss without prejudice. Status hearing set for 04/21/04 to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 30 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 23 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | MW6 | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDRE WALLACE, )
)
        Plaintiff, )
)
v. ) No. 03 C 2296
)
CITY OF CHICAGO, et al., )
)
        Defendants. )



DOCKETED
MAR 3 0 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Kristen Roy's ("Roy") and Eugene Kato's ("Kato") motion for summary judgment and on Defendant City of Chicago's ("City") motion to dismiss. For the reasons stated below we grant the motion for summary judgment in part and deny it in part without prejudice and we deny the motion to dismiss without prejudice.

## BACKGROUND

On January 19, 1994 Roy and Kato, detectives for the Chicago Police Department, were assigned to investigate the murder of John Herbert Handy ("Handy"). The police reports indicated that Handy had been shot in a building located at 825 N. Lawndale Avenue in Chicago, Illinois. The reports also indicated

1

that Handy was employed as a house sitter for a construction company which was rehabbing the building. In addition, the police reports indicated that Handy and the proprietor of the construction company had a confrontation with drug dealers near the building prior to the shooting. The killer apparently entered the building through a window in the back of the building, shot Handy with a 9mm weapon three times, and then fled down a gangway along the building.

After learning of the murder, two other officers familiar with the area interviewed witnesses at the scene and witnesses and other informants indicated that Laron Jackson ("Jackson") and Plaintiff Andre Wallace ("Wallace") were dealing drugs at the crime scene on the night of the murder. On January 19, 1996 the police picked up Wallace and Jackson and took them to the police station. Defendants assert that at that point Jackson and Wallace were not under arrest and that they did not ask to go home. Kato and Roy first began interrogating Wallace and Jackson around 9:30 p.m. During the night Jackson eventually told police that Wallace had been working as "security" for the drug dealers on the night of the murder and was carrying a 9mm gun. Jackson also told police that he saw Wallace running down the gangway along the building after he heard shots fired. At 4:15 p.m. the police confronted Wallace with Jackson's statements. The police first discovered that Wallace was only fifteen years old and they called in a youth officer to assist them.

At 6:00 a.m. an Assistant State's Attorney was brought in and Wallace signed a written statement waiving his *Miranda* rights and admitting that he shot Handy

three times.

At trial Wallace did not argue that he was innocent. Instead, at closing he argued that he killed Handy in self defense and at least during mutual combat arguing that he should be convicted of second degree murder rather than first degree murder. On appeal the appellate court ruled that Wallace had been seized for a significant amount of time prior to his written confession and the court remanded the case to the trial court to determine if the confession was legal. On remand the trial court found the confession to be admissible, but on the second appeal the appellate court ruled that the confession was inadmissible. Subsequently, the Assistant State's Attorney moved to *nolle prosequi* the charges against Wallace.

Wallace has filed a claim against Defendants pursuant to 42 U.S.C.§ 1983 ("Section 1983") alleging false imprisonment, excessive force, and unlawful arrest. Wallace also included a false imprisonment claim and a malicious prosecution claim based upon Illinois law. Kato and Roy have filed a motion for summary judgment on all counts and the City has filed a motion to dismiss.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

# DISCUSSION

## I. False Arrest and Malicious Prosecution Claims

In his answer brief to the instant motions Wallace concedes that a claim for false arrest would be time-barred and therefore contends that he does not assert a claim of false arrest. Therefore, we grant summary judgment on the false arrest claims. In his answer brief Wallace also admits that his malicious prosecution claims are flawed and should be dismissed with prejudice. Therefore, we grant summary judgment on the malicious prosecution claims.

## II. Section 1983 Claims

Defendants argue that Wallace's Section 1983 claims are barred by the statute of limitations. Section 1983 does not expressly provide a statute of limitations period and thus the federal courts are required to adopt the forum state's statute of limitations period for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The appropriate statute of limitations period for Section 1983 claims filed in Illinois is two years. 735 ILCS § 5/13-202; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). It is clear that, except for his denial of a fair trial claim, which we will address below, Wallace's Section 1983 claims are time-barred. Wallace even admits in his answer brief that all of his claims are time barred, except for his state law false imprisonment claim and his federal denial of a fair trial claim.

5

Therefore, we grant summary judgment on all the Section 1983 claims except for Wallace's denial of a fair trial claim.

III. State False Imprisonment Claim

Wallace argues that his false imprisonment claim limitations period was tolled until he was released from prison. Under Illinois law a statute of limitations generally begins to run "when facts exist which authorize the bringing of the cause of action." *Kozasa v. Guardian Elec. Mfg. Co.*, 425 N.E.2d 1137, 1141 (Ill. App. Ct. 1981). Wallace alleges that he was falsely imprisoned beginning on January 19, 1994 and thus at that time he could have brought his false imprisonment claim. *See Pierce v. Pawelski*, 2000 WL 1847778, at *2 (N.D. Ill. 2000)(holding that false imprisonment claim was time-barred because claim accrued at initial point of alleged false imprisonment). Therefore, we grant summary judgment on the state false imprisonment claim.

IV. Federal Denial of Fair Trial Claim

Wallace claims that he is bringing a federal denial of a fair trial claim. In *Heck v. Humphrey* the United States Supreme Court held that a Section 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. 477, 489-90 (1994). Defendants did not address this claim directly in their motion for

summary judgment because such a claim was not readily apparent from the complaint. It was only in the answer to the instant motions that Wallace made it clear that he is pursuing such a claim in order to avoid the effects of the statute of limitations and it was only in Defendants' reply brief that Defendants were first able to address the claim. Neither of the parties have devoted sufficient briefing regarding this claim. Therefore, we shall deny summary judgment on the federal denial of a fair trial claim because of the liberal notice pleading requirements set forth by the Seventh Circuit. However, since Wallace is to blame for not making his asserted claims clearer we shall deny summary judgment on this claim without prejudice.

V. Municipal Liability

The City filed a motion to dismiss. Under federal law, in order to find a municipality liable under Section 1983 the individual defendants must be found liable. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Under Illinois law a "local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCLS 10/2-109. Since, the federal denial of a fair trial claim is still alive this motion to dismiss is premature. However, based upon Defendants' contesting the federal denial of a fair trial claim it appears likely that another motion for summary judgment will be forthcoming and the City's motion to dismiss arguments may be applicable. Therefore, we deny the City's

motion to dismiss without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant the motion for summary judgment except for the federal denial of a fair trial claim. We deny the motion for summary judgment on the federal denial of a fair trial claim without prejudice and we deny the motion to dismiss without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2004